IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KENNETH RAY SCOTT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0189 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner KENNETH RAY SCOTT.  By his habeas application, petitioner challenges an February 16, 2005 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offense of engaging in a fight.  Petitioner was punished with the forfeiture of 90 days previously accrued good time credits.[1]

Following the finding of guilt in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on March 9, 2005.  Petitioner then filed a Step 2 grievance which was denied on April 5, 2005. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

---

[1]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution.  *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

I.
PROCEDURAL HISTORY

Respondent DOUGLAS DRETKE has lawful and valid custody of petitioner pursuant to

a judgment and sentence out of the Judicial District Court of Ector County, Texas for the felony

offense of burglary of a habitation.  Petitioner avers he was sentenced to twenty-five (25) years

imprisonment in the Texas Department of Criminal Justice.

On or about February 16, 2005, it appears from his habeas application petitioner was found

guilty, in Disciplinary Case No. 20050161500, of the offense fighting or assaulting an offender

(petitioner has made no mention of a weapon being involved).  Included in his punishment was the

loss of 90 days of good time credits.

II.
GROUNDS

Petitioner contends his federal constitutional rights were violated with regard to the

disciplinary proceeding in Case No. 20050161500 in the following respects:

    A.     His constitutional right to defend himself from harm or danger was violated; and

    B.     TDCJ has acted with deliberate indifference in punishing him for defending
            himself.

III.
MERITS

Petitioner appears to complain that his constitutional right to defend himself was violated

and that prison officials were deliberately indifferent when they punished him for doing so.  Such

claims appear to allege possible civil rights violations which are not cognizable in a federal

habeas corpus action.  Alternatively, petitioner has all but admitted he fought in prison but states

he did so to defend himself.

 In order to prevail, petitioner must show his due process rights were violated during the

disciplinary process.  The United States Supreme Court has set out the due process to which a

prisoner is entitled during a disciplinary proceeding.  In *Wolff v. McDonnell*, 418 U.S. 539, 94

S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not

part of the criminal prosecution process and, therefore, the full panoply of rights does not apply,

there are certain minimal due process provisions required to be satisfied.  Those are: (1) advance

written notice of the charges; (2) an opportunity to call witnesses and/or present documentary

evidence when such presentation is not unduly hazardous to institutional safety or correctional

goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons

for the disciplinary action.

 It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall

not be disturbed unless they are arbitrary and capricious.  *Banuelos v. McFarland*, 41 F.3d 232,

234 (5th Cir. 1995).  Further, the federal courts do not review the sufficiency of the evidence

since a finding of guilt requires only the support of some facts, or any evidence at all.  *Gibbs v.*

*King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

 Petitioner does not complain he did not receive the procedural due process guaranteed

by *Wolff*.  Therefore, the Court finds petitioner was not denied procedural due process with

regard to the disciplinary proceeding since he has not alleged such was the case.

 Treating the remainder of petitioner's claims as a sufficiency of the evidence challenge,

it is well-settled that federal courts do not review the sufficiency of the evidence at a

disciplinary hearing.  Sufficient support for a finding of guilty is provided by "some facts" or "any evidence at all."  *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir.), *cert. denied*, 476 U.S. 1117 (1986); *See also Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981)(courts must see "'whether any evidence at all' supports the action taken by the prison officials").

Petitioner was found guilty of violating the prison's rule against fighting.  Petitioner has admitted he was fighting.  The allegation that he was defending himself is an allegation that he had a valid defense to the disciplinary charge.  That defense was not accepted by the hearing officer.  By his own admission, there was "some evidence" upon which to find petitioner guilty of the offense of fighting.

The Court finds that the rights set forth in *Wolff* have not been abridged, and that there was "some evidence" to support the disciplinary hearing officer's decision.  Based upon the foregoing, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas corpus application challenging alleged due process violations in a prison disciplinary case should be DENIED.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner KENNETH RAY SCOTT be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>18th</u> day of July 2005.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).